IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DELMA PADILLA** | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
|     **DEFENDANT.** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") and files this Notice of Removal pursuant to 28 U.S. C. §§ 1441 and 1332.

### I.

### INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the County Court at Law No. 1, Dallas County, Texas, where this matter was pending under Cause No. CC-20-04999-A, in a matter styled *Delma Padilla v. Wal-Mart Stores Texas, LLC* (the "State Court Action").

### II.

### NATURE OF THE SUIT

2. Plaintiff brings this lawsuit under theories of premises liability and negligence based on an alleged personal injury resulting from a slip and fall on Defendant's premises. *See* Plaintiff's Original Petition and Request for Disclosure ¶¶ 6-8.

### III.

### TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on November 13, 2020. Defendant Wal-Mart accepted service on November 18, 2020 through its agent, CT Corporation System. This removal is timely because it is filed within 30 days after Wal-Mart was served. 28 U.S.C. § 1446.[1]

### IV.

### BASIS FOR REMOVAL JURISDICTION

4. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. For purposes of diversity of citizenship, upon information and belief, Plaintiff is a citizen of Texas.

6. Plaintiff sued Defendant Wal-Mart Stores Texas, LLC, which is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

7. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.,* 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of*

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a period falls on a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

*New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre, 615CV0558LEKTWD,* 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*").  The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

8. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)).  Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas.  Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.  Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

9. Wal-Mart Stores East, LP is a Delaware limited partnership.  The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners.  *Harvey,* 542 F.3d at 1079.  WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner.  The citizenship of these LLCs is determined by the citizenship of each of its members.  *See id.* at 1080.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

10. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas.  The citizenship of an LLC is the same as the citizenship of all of its members.  *Id.*  The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.).

11. Walmart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Walmart Inc. is a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

12. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

13. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

14. Plaintiff seeks past and future medical expenses, loss of earning, physical and mental pain and suffering, mental anguish, impairment and disfigurement and all other relief, in law and in equity, to which Plaintiff may be entitled. *See* Plaintiff's Original Petition and Request for Disclosure at ¶ 9.

15. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. *Id.* at ¶ 5. Thus, based on all information currently known by or available to Defendant, Plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

### V.
### THIS NOTICE IS PROCEDURALLY CORRECT

16. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in Plaintiff's Original Petition.

17. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) as follows:

    A.    Docket Sheet in the State Court Action
    B.    Index of all documents filed in the State Court Action.
    C.    Copies of all process, pleadings and orders filed in State Court.

18. Wal-Mart also is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet and Certificate of Interested Persons.

19. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenges the allegations in a motion to remand or other filing.

20. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the County Court at Law No. 1, Dallas County, Texas, where this matter was pending under Cause No. CC-20-04999-A, in a matter styled *Delma Padilla v. Wal-Mart Stores Texas, LLC*.

21. A jury trial has been demanded in the State Court Action by Defendant.

22. Trial has not commenced in the County Court at Law No. 1, Dallas County, Texas.

## VI.

## CONCLUSION

23. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the County Court at Law No. 1, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the County Court at Law No. 1, Dallas County, Texas.

**FURTHER**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
      **DEREK S. DAVIS**
      Texas Bar No. 00793591
      Email:  Derek.Davis@CooperScully.com
      **JULIANN WILBAR**
      Texas Bar No. 24106955
      Email:  Juliann.Wilbar@CooperScully.com

900 Jackson, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record named below, *via* facsimile, certified mail/return receipt request, electronic mail, and/or e-service on this 18th day of December, 2020.

**Hardin R. Ramey**
Ramey Law Firm, PLLC
3890 W. Northwest Highway, Suite 650
Dallas, Texas 75220
Telephone: (972) 437-5577
Facsimile:  (972) 437-5572
Email:  hramey@rameylawfirm.com
**ATTORNEY FOR PLAINTIFF**

                        */s/ Derek S. Davis*
                        **DEREK S. DAVIS**