## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DELMA PADILLA** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **DEFENDANT.** | § | |
| | § | |

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

| TAB NO. | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the County Court at Law No. 1, Dallas County, Texas | 12/18/2020 |
| 2. | Plaintiff's Original Petition and Request for Disclosure | 11/13/2020 |
| 3. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC | 11/13/2020 |
| 4. | Return of Service | 11/19/2020 |
| 5. | Defendant's Wal-Mart Store Texas, LLC's Original Answer to Plaintiff's Original Petition and Request for Disclosure | 12/11//2020 |

# TAB NO. 1

## Case Information

CC-20-04999-A | DELMA PADILLA vs.WALMART STORES TEXAS, LLC

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CC-20-04999-A | County Court at Law No. 1 | BENSON, D'METRIA |
| File Date | Case Type | Case Status |
| 11/13/2020 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
PADILLA, DELMA

Active Attorneys ▾
Lead Attorney
RAMEY, HARDIN R
Retained

DEFENDANT
WALMART STORES TEXAS, LLC

Address
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

11/13/2020 NEW CASE FILED (OCA)

11/13/2020 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

11/13/2020 ISSUE CITATION ▾

CITATION 2012

Comment
ENV#48095417

11/13/2020 CITATION (SERVICE) ▾

Served
11/18/20209:10 AM

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
11/19/2020 11:21 AM

11/19/2020 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
ON WALMART SORES TEXAS, LLC SERVE 11/18/20 AT 9:10 AM

12/11/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT WAL-MART STORES TEXAS, LLC S ORIGINAL ANSWER

12/11/2020 JURY TRIAL DEMAND

# Financial

PADILLA, DELMA

Total Financial Assessment                                              $281.00
Total Payments and Credits                                             $281.00

| 11/13/2020 | Transaction Assessment | | | $281.00 |
| 11/13/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-12408 | PADILLA, DELMA | ($281.00) |

WALMART STORES TEXAS, LLC
Total Financial Assessment                                              $40.00
Total Payments and Credits                                              $40.00

| 12/11/2020 | Transaction Assessment | | | $40.00 |
| 12/11/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-13285 | WALMART STORES TEXAS, LLC | ($40.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

CITATION 2012

RETURN OF SERVICE

DEFENDANT WAL-MART STORES TEXAS, LLC S ORIGINAL ANSWER

# TAB NO. 2

FILED
11/13/2020 10:53 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-03673-G   Document 1-3   Filed 12/18/20   Page 7 of 27   PageID 17

Cause No. **CC-20-04999-A**

| | | |
|---|---|---|
| DELMA PADILLA, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | AT LAW NO. ____ |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Delma Padilla, Plaintiff herein, and files this Plaintiff's Original Petition complaining of Wal-Mart Stores Texas, LLC, Defendant herein, and in support thereof would show the Court the following.

### Level of Discovery

1.      Discovery is to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### Parties

2.      Plaintiff Delma Padilla (Social Security Number xxx-xx-x085; Driver's License Number xxxxx518) is a resident of the State of Texas.

3.      Defendant Wal-Mart Stores Texas, LLC is a Delaware corporation doing business in the State of Texas as Wal-Mart Supercenter located in Irving, Dallas County, Texas.  Service of citation may be made by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

---

**Venue and Jurisdiction**

4.      Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

5.      This Court has jurisdiction of this matter because Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.  Plaintiff seeks damages pursuant to Tex. R. Civ. P. 47(c)(4).

**Facts**

6.      Defendant Wal-Mart Stores Texas, LLC (hereinafter "Defendant") is the owner and/or operator of the Walmart Supercenter located at 4100 W. Airport Freeway, Irving, Dallas County, Texas 75062 (hereafter the "Premises").  At all times relevant to this lawsuit, Defendant was in possession and in control of the Premises.  On or about April 8, 2019, Plaintiff Delma Padilla was an invitee on the Premises.  At the time of the occurrence, Delma Padilla was walking by a cash register on the Premises when she slipped on a broken part of a clothes hanger laying on the floor causing her to fall to the ground on her left side.  As a direct result of Defendant's negligence, Delma Padilla suffered injuries to her left knee, left hip, back and neck which required her to undergo extensive medical treatment and will her to undergo medical treatment in the future.

7.      Defendant owed Delma Padilla the duty to use ordinary care to reduce or eliminate an unreasonably dangerous condition on the Premises.  Included in Defendant's obligation was the duty to inspect or to discover any dangerous condition and to make such condition safe or to provide an adequate warning.  Defendant knew of the danger or should have known of the dangerous condition, yet failed to take action to remove or remedy or warn Delma Padilla of the danger, thereby causing Delma Padilla to suffer serious injury.  The condition was not open or obvious and was unknown to Delma Padilla.  Alternatively, Defendant was obligated to make the Premises safe when, despite an awareness of the risks, it was necessary for Delma Padilla to use

the area of the Premises and Defendant should have anticipated that Delma Padilla was unable to take measures to avoid the risk.

      8.      On the occasion in question, Defendant, acting by and through its agents, servants, and employees, was guilty of the following negligent acts and omissions:

      (a)      In inviting, allowing and/or requiring Delma Padilla to use the Premises when Defendant knew or should have known that the Premises were unsafe and/or an unsafe condition existed on the Premises;

      (b)      In failing to adequately warn Delma Padilla of the dangerous and/or unsafe condition on the Premises;

      (c)      In failing to remove or pick up the broken clothes hanger from the floor of the Premises;

      (d)      In failing to place barricades, warning signs, or other protective devices and/or warnings in the area of the unsafe condition and within the vision of Delma Padilla to prevent Delma Padilla or other invitees from becoming injured by the unsafe condition;

      (e)      In placing the broken clothes hanger on the floor or allowing it to remain on the floor of the Premises; and

      (f)      In the negligent hiring, training, and/or supervision of its employees, agents, servants, representatives, or other personnel responsible for maintaining the floor of the Premises.

Each and all of said acts, taken singularly and collectively, directly and proximately caused the occurrence and resulted in the injuries and damages hereinafter set out. Alternatively, Defendant is responsible for the above-referenced negligent acts and/or omissions of their

employees under the doctrine of *respondeat superior* as said employees were acting under the course and scope of their employment with Defendant.

## Damages

9.     Delma Padilla suffered serious injuries to her left knee, left hip, back, neck and other parts of her body as a result of the incident.  Delma Padilla seeks to recover all damages that she is entitled to recover by law as a result of the negligent conduct of Defendant complained above.  These damages include, without limitation, Delma Padilla's medical expenses, loss of earnings, physical and mental pain and suffering, mental anguish, impairment and disfigurement, both in the past and future, as well as all incidental expenses incurred by Plaintiff Delma Padilla arising as a result of the incident.

10.    If Delma Padilla was suffering from any injury or condition existing before the occurrence in question, such other condition was not pain producing or disabling, and the condition was aggravated by the injuries that resulted from the occurrence in question.

11.    Delma Padilla seeks recovery of pre-judgment interest as provided by law.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Delma Padilla respectfully requests the following relief against Defendant Wal-Mart Stores Texas LLC:

(a)    actual damages in an amount in excess of the minimum jurisdictional limits of this Court;

(a)    pre-judgment and post-judgment interest on all damages at the highest rate allowed by law;

(b)    costs of suit; and

(c)    such other and further relief, both at law and equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**RAMEY LAW FIRM, PLLC**
3890 W. Northwest Highway, Suite 650
Dallas, Texas 75220
Email: hramey@rameylawfirm.com
Telephone: (972) 437-5577
Facsimile: (972) 437-5572


By: */s/ Hardin R. Ramey*_____
           **Hardin R. Ramey**
           State Bar Number: 16496500

**ATTORNEYS FOR PLAINTIFF**


## REQUEST FOR DISCLOSURE

**Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.**


           */s/ Hardin R. Ramey*_____
           **Hardin R. Ramey**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Melody Johnson on behalf of Hardin Ramey
Bar No. 16496500
mjohnson@rameylawfirm.com
Envelope ID: 48071717
Status as of 11/13/2020 11:32 AM CST

Associated Case Party: DELMA PADILLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Johnson | | mjohnson@rameylawfirm.com | 11/13/2020 10:53:26 AM | SENT |
| Hardin Ramey | | hramey@rameylawfirm.com | 11/13/2020 10:53:26 AM | SENT |

# TAB NO. 3

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-20-04999-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**WALMART STORES TEXAS, LLC**
**SERVE REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**DELMA PADILLA**
*Plaintiff(s)*

**VS.**

**WALMART STORES TEXAS, LLC**
*Defendant(s)*

filed in said Court on the 13th day of November, 2020a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of November, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
    Sonya Harris



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**
**ATTACHED**

**CC-20-04999-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

DELMA PADILLA, *Plaintiff(s)*

**VS.**

WALMART STORES TEXAS, LLC,
*Defendant(s)*

**SERVE:**
**WALMART STORES TEXAS, LLC**
**SERVE REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**13TH DAY OF NOVEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff

HARDIN R RAMEY
ATTN RAMEY LAW FIRM PLLC
3890 W NORTHWEST HWY STE 650
DALLAS TX  75220
972-437-5577

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-04999-A   County Court at Law No. 1

DELMA PADILLA vs.WALMART STORES TEXAS, LLC

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WALMART STORES TEXAS, LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED with the date and service at the following times and places to-wit:

**Name**                                    **Date/Time**                           **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____
_____

Serving Petition and Copy       $_____       _____, Officer

Total    $_____                              _____, County, Texas

                                                By:_____, Deputy

                                                _____, Affiant

# TAB NO. 4

FILED
11/19/2020 11:21 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-03673-G   Document 1-3   Filed 12/18/20   Page 17 of 27   PageID 27

## CAUSE NO. <u>CC-20-04999-A</u>

| | | |
|---|---|---|
| DELMA PADILLA, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| WAL-MART STORES TEXAS, LLC, · | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| **Defendant(s).** | § | |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Wednesday, November 18, 2020 at 8:55 AM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **9:10 AM**, on **Wednesday, November 18, 2020,**
by delivering to the within named:

### WALMART STORES TEXAS, LLC

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By personally delivering to **Authorized Agent, LINDSEY BARRIENTEZ**
a true copy of this

### CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT and PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Wednesday, November 18, 2020

By: _____
   **Tracy Edwards - PSC 1872 - Exp 03/31/22**
   served@specialdelivery.com

Electronically Served
11/13/2020 4:29 PM

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-20-04999-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

**TO:**

**WALMART STORES TEXAS, LLC**
**SERVE REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**DELMA PADILLA**
*Plaintiff(s)*

**VS.**

**WALMART STORES TEXAS, LLC**
*Defendant(s)*

filed in said Court on the 13th day of November, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 13th day of November, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By ___Sonya Harris___ , Deputy
Sonya Harris



---

| ATTORNEY |
|---|
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED** |
| **CC-20-04999-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

DELMA PADILLA, *Plaintiff(s)*

VS.

WALMART STORES TEXAS, LLC,
*Defendant(s)*

**SERVE:**
**WALMART STORES TEXAS, LLC**
**SERVE REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**13TH DAY OF NOVEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff
HARDIN R RAMEY
ATTN RAMEY LAW FIRM PLLC
3890 W NORTHWEST HWY STE 650
DALLAS TX 75220
972-437-5577

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-04999-A   County Court at Law No. 1

DELMA PADILLA vs.WALMART STORES TEXAS, LLC

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WALMART STORES TEXAS, LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total   $_____                                   _____, County, Texas

                                                      By:_____, Deputy

                                                      _____, Affiant

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

# TAB NO. 5

FILED
12/11/2020 12:23 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-03673-G   Document 1-3   Filed 12/18/20   Page 21 of 27   PageID 31

CAUSE NO. CC-20-04999-A

| | | |
|---|---|---|
| DELMA PADILLA | § | IN THE COUNTY COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| DEFENDANT. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT WAL-MART STORES TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

### I.

### GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.

### AFFIRMATIVE DEFENSES

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES

CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.     Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.     In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.     Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.     Pleading further, Defendant would show that they are entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that they are entitled to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

11.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that they acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

12.     Pleading further, and in the affirmative, the injuries plead by Plaintiff may have

been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant' own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

### III.

### NOTICE OF INTENT

14.     Defendant further places plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.

### REQUEST FOR DISCLOSURES

15.     Pursuant to Rule 194 the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a-l).

### V.

### DEMAND FOR JURY TRIAL

16.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Derek S. Davis*
      **DEREK S. DAVIS**
      Texas Bar No. 00793591
      Email:  Derek.Davis@CooperScully.com
      **JULIANN WILBAR**
      Texas Bar No. 24106955
      Email:  Juliann.Wilbar@CooperScully.com

900 Jackson, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2020, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Hardin R. Ramey**
Ramey Law Firm, PLLC
3890 W. Northwest Highway, Suite 650
Dallas, Texas 75220
Telephone: (972) 437-5577
Facsimile:  (972) 437-5572
Email:  hramey@rameylawfirm.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis* _____
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karri Minster on behalf of Derek Davis
Bar No. 793591
karri.minster@cooperscully.com
Envelope ID: 48871372
Status as of 12/11/2020 12:31 PM CST

Associated Case Party: DELMA PADILLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Johnson | | mjohnson@rameylawfirm.com | 12/11/2020 12:23:40 PM | SENT |
| Hardin Ramey | | hramey@rameylawfirm.com | 12/11/2020 12:23:40 PM | SENT |

Associated Case Party: WALMART STORES TEXAS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 12/11/2020 12:23:40 PM | SENT |
| Karri Minster | | karri.minster@cooperscully.com | 12/11/2020 12:23:40 PM | SENT |
| Juliann Wilbar | | juliann.wilbar@cooperscully.com | 12/11/2020 12:23:40 PM | SENT |